UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| HERIBERTO AVILA, JR., | No. 1:17-cv-00146-DAD-SKO |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| WELLS FARGO HOME MORTGAGE and FAY SERVICING LLC., | |
| Defendants. | |

**SCREENING ORDER**

Plaintiff Heriberto Avila, Jr., proceeding *pro se*, alleges multiple claims against Defendants Wells Fargo Home Mortgage and Fay Servicing LLC. This matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 302 and 304.

**I.      Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Accordingly, the Court screens all complaints filed by plaintiffs proceeding *in propria persona* to ensure that the complaint is not frivolous or malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief.

///

1

## II. Pleading Standards

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]headbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Ball Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Twombly*, 550 U.S. at 555.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Id.* (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recital of the elements of a cause of action." *Id.* at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth fully the legal and factual basis for his claim.

///

///

2

### III. Federal Question Jurisdiction

The complaint alleges mortgage fraud and violations of the Uniform Commercial Code (UCC), the Fair Debt Collections Practices Act, MERS, and federal bankruptcy law. The complaint does not identify the specific federal statute upon which each of these claims is based. In the absence of such identification, the Court is unable to evaluate whether the underlying facts support each alleged statutory claim.

### V. Sufficiency of the Statement of Claim

The complaint alleges only that "Wells Fargo violated several banking laws and sold my note to Faye Servicing without my knowledge." This conclusory statement is inadequate. As discussed above, the complaint must set forth specific facts sufficient to support each of Plaintiff's claims under the federal statute on which that claim proceeds.

The factual allegations must also explain the underlying transaction giving rise to Plaintiff's claims. The complaint does not identify the property secured by the mortgage or provide details concerning the underlying note and mortgage, such as the parties, the mortgage date, or the amount of the loan obligation, nor does it provide specifics of the alleged improper sale of the mortgage to Fay Servicing. Plaintiff may wish to attach copies of the note and mortgage as clearly labeled exhibits to the complaint and incorporate the exhibits by reference.

In its request for relief, the complaint states that Defendants sold Plaintiff's home while Plaintiff was protected by a bankruptcy stay. The factual allegations should also address the bankruptcy case and foreclosure sale in sufficient detail to allow the Court to determine whether Plaintiff's claims are properly brought in an action in the district court or must be brought (or should have been brought) in the bankruptcy action. If the complaint is intended to be an appeal of a bankruptcy court decision, the complaint should disclose that and attach the Bankruptcy Court's underlying decision as an exhibit to the complaint, incorporated by reference. The factual

allegations concerning the bankruptcy should also be sufficiently detailed to support its relevance to Plaintiff's claims.

When Plaintiff amends the complaint, he should allege the facts and circumstances setting forth the procedural and factual history of his claim in chronological order. Each fact should be set forth in a separately numbered paragraph. Each actor should be specifically identified. Without a clear understanding of the facts of this case, the Court cannot evaluate whether it has jurisdiction over Plaintiff's claim and whether the claim is substantively plausible.

## VI. Conclusion and Order

The complaint fails to state a claim upon which relief can be granted. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified in this order. The amended complaint should be brief but must clearly identify the federal statutes giving rise to Plaintiff's claims and state what each Defendant did that rendered it liable to Plaintiff under each such statute. Fed.R.Civ.P. 8(a). An amended complaint supersedes the prior complaint and should be complete in itself without the Court or Defendants having to rely on any prior or superseded pleading. Local Rule 220.

Based on the foregoing, it is hereby ORDERED that:

1. The above-captioned complaint is dismissed with leave to amend for failure to state a claim;

2. Within thirty (30) days of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

3. If Plaintiff fails to file an amended complaint within thirty (30) days of this order, this action will be dismissed without prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 11, 2017**   /s/ *Sheila K. Oberto*

4

UNITED STATES MAGISTRATE JUDGE