# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO AVILA, JR., | Case No. 1:17-cv-00146-DAD-SKO |
| Plaintiff, | **FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THIS CASE** |
| v. | |
| WELLS FARGO HOME MORTGAGE, et al., | **Objection Period: 14 days** |
| Defendants. | |

On June 5, 2017, the undersigned filed an order to show cause (the "OSC"), which included a warning to Plaintiff that the undersigned would recommend dismissal of this matter if Plaintiff failed to file a statement by no later than June 29, 2017 showing cause as to why dismissal was not warranted. (Doc. 5.) To date, Plaintiff has not responded to the OSC. Accordingly, as discussed herein, the undersigned RECOMMENDS that the presiding district court judge DISMISS this case, in its entirety.

## I. BACKGROUND

On February 2, 2017, Plaintiff filed a *pro se* Complaint against Wells Fargo Home Mortgage and Fay Servicing LLC, in which Plaintiff alleged only that "Wells Fargo violated several [b]anking laws and sold [Plaintiff's] note to Fay Servicing without [Plaintiff's]

knowledge." (Doc. 1 at 5.) On April 12, 2017, the undersigned entered an order screening Plaintiff's Complaint (the "Screening Order"). (Doc. 4.) In this Screening Order, the undersigned found that Plaintiff's Complaint was deficient insofar as it (1) failed to "identify the specific federal statute upon which [Plaintiff's] claims [are] based," (2) provided only a single conclusory allegation, (3) failed to "explain the underlying transaction giving rise to Plaintiff's claims," and (4) did not "allow the Court to determine whether Plaintiff's claims are properly brought in an action in the district court or must be brought (or should have been brought) in [an associated] bankruptcy action." (*Id.* at 3–4.) For these reasons, the undersigned found that the Complaint "fail[ed] to state a claim upon which relief can be granted" and dismissed the Complaint with leave to amend within thirty days of the entry of the Screening Order. (*Id.* at 4.) The undersigned also cautioned Plaintiff in the Screening Order that, "[i]f Plaintiff fails to file an amended complaint within thirty . . . days of [the Screening Order], this action will be dismissed without prejudice for failure to state a claim." (*Id.*)

Plaintiff failed to file an amended complaint within thirty days of the entry of the Screening Order. Consequently, the undersigned entered an Order to Show Cause Why this Case Should Not Be Recommended for Dismissal (the "OSC") on June 5, 2017. (Doc. 5.) In the OSC, the undersigned ordered Plaintiff "to show cause within twenty-one . . . days of the date of service of [the OSC] why this action should not be dismissed for his failure to comply with the [Screening Order] by not filing an amended complaint within the specified period of time." (*Id.* at 1–2.) The undersigned further cautioned Plaintiff "that, if he fails to file this statement within twenty-one . . . days of the date of service of [the OSC], the [undersigned] will recommend to the presiding district court judge that this action be dismissed, in its entirety." (*Id.* at 2.)

More than twenty-one days have passed since the OSC was served on Plaintiff, yet Plaintiff has not complied with the OSC by filing a statement as to why this action should not be dismissed. Additionally, there is no indication on the docket for this case that Plaintiff did not receive either the Screening Order or the OSC.

//

//

## II. LEGAL STANDARD

Local Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "District courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961)). "Dismissal . . . is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Id.* (citations omitted). Nonetheless, courts have found that dismissal with prejudice is warranted where a party fails "to prosecute an action," "obey a court order," or "comply with local rules." *Tolle v. Portfolio Recovery Assocs. LLC*, Case No. 1:15-cv-01797-LJO-SKO, 2017 WL 1079786, at *1 (E.D. Cal. Mar. 21, 2017) (collecting cases).

The Ninth Circuit has stated that "[c]ourts are to weigh" the following "five factors in deciding whether to dismiss a case for failure to comply with a court order": (1) "the public's interest in expeditious resolution of litigation," (2) "the court's need to manage its docket," (3) "the risk of prejudice to the defendants," (4) "the public policy favoring disposition of cases on their merits," and (5) "the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *Id.* (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). "The appropriateness of a sanction is within the discretion of the [c]ourt." *Raygoza v. City of Fresno*, 297 F.R.D. 603, 606 (E.D. Cal. 2014).

## III. DISCUSSION

In the present matter, the pertinent factors weigh in favor of dismissing this action. Turning initially to the first factor, the public's interest in expeditious resolution of litigation clearly weighs in favor of dismissal. Plaintiff has failed to demonstrate any interest in litigating this case and there has been no indication that Plaintiff will litigate this action in the future to achieve any form of merits-based resolution, let alone an expeditious resolution of the litigation.

The first factor thus weighs in favor of dismissal. *See, e.g.*, *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

Regarding the second factor, Plaintiff has hindered the Court's ability to manage its docket by failing to (1) file an amended complaint within the time provided by the undersigned in the Screening Order, or (2) respond to the OSC. This factor therefore weighs in favor of dismissal. *See, e.g.*, *Armstrong v. Spearman*, No. 1:13–cv–00246–AWI–SAB (PC), 2015 WL 5021664, at *2 (E.D. Cal. Aug. 21, 2015) ("[T]he Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation, [so] the [c]ourt's interest in managing its docket weighs in favor of terminating the action."); *cf. Gonzales v. Mills*, No. 1:09–cv–1549 AWI DLB, 2011 WL 976713, at *5 (E.D. Cal. Mar. 16, 2011) (noting that courts in this District carry "overly congested" dockets "and stalled cases due to a lack of prosecution aggravate the situation").

As to the third factor, Defendants will suffer substantial prejudice if they are forced to litigate this case without the involvement of Plaintiff, as any resolution may be impossible. *Cf. In re Phenylpropanolamine*, 460 F.3d at 1227 ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." (citations omitted)). Consequently this factor also weighs in favor of dismissal. *See, e.g.*, *id.* ("The law . . . presumes prejudice from unreasonable delay." (citations omitted)).

Turning next to the fifth factor, Plaintiff failed to respond to the OSC despite the undersigned's clear warning regarding the dispositive consequences of inaction. (*See* Doc. 27 at 2.) Plaintiff's failure to respond to the OSC is itself sufficient to satisfy this factor. *See, e.g.*, *In re Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the consideration of alternatives requirement." (citations omitted)). As such, the fifth factor similarly weighs in favor of dismissal.

Finally, the public policy favoring disposition of cases on their merits weighs against a dismissal for reasons disassociated with the merits of this action. *See, e.g.*, *In re Sucato*, 152 F.3d 929, at *1 (9th Cir. 1998) (noting the "strong public policy favoring disposition of cases on their

merits"); *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible." (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985))). However, the policy favoring disposition of cases on their merits is outweighed by the other four factors in favor of dismissal. *See, e.g.*, *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960–61 (9th Cir. 2006) (stating that "the public policy favoring disposition of cases on their merits, . . . standing alone, is not sufficient to outweigh the other four factors" (citation omitted)); *Winters v. Jordan*, No. 2:09–cv–0522–JAM–KJN PS, 2013 WL 5780819, at *10 (E.D. Cal. Oct. 25, 2013) ("Dismissal is proper 'where at least four factors support dismissal or where at least three factors strongly support dismissal.'" (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))). The undersigned therefore finds that dismissal of this case is warranted.

## IV. CONCLUSION

For these reasons, the undersigned RECOMMENDS that the presiding district court judge DISMISS this action WITHOUT PREJUDICE.

These findings and recommendation are submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Finally, the Court DIRECTS the Clerk to send a copy of these findings and recommendation to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **July 12, 2017**                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE